# EXHIBIT A
# TO
# NOTICE OF REMOVAL

# Documents Served on Defendant

STATE OF INDIANA     )     IN THE ALLEN SUPERIOR COURT
) SS:
COUNTY OF ALLEN     )     CAUSE NO.: **02D02-2107-CT-000374**
Allen Superior Court 2

CHARISSE JACKSON,    )
)
    Plaintiff,    )
)
v.    )
)
DANA LIGHT AXLE    )
PRODUCTS LLC,    )
)
    Defendant.    )

## COMPLAINT FOR DAMAGES

Plaintiff, Charisse Jackson, by her counsel, and for her cause of action against the defendant, Dana Light Axle Products LLC states:

1.    The plaintiff, Charisse Jackson, is a resident of Fort Wayne, Allen County, Indiana.

2.    The defendant, Dana Light Axle Products LLC, is a foreign limited liability company doing business in the state of Indiana with offices and a facility in Fort Wayne, Indiana.

3.    On August 12, 2019, Plaintiff, Charisse Jackson, was on the premises of the defendant, Dana Light Axle Products LLC, as a business invitee and injured her back due to slipping on oil that accumulated on the floor in an area designated as a walking area.

4.    The defendant negligently allowed oil to accumulate on the floor in an area specifically designated for pedestrian traffic.

5.    As a proximate result of the fall, the Plaintiff sustained physical injuries which will be permanent and suffered and continues to suffer physical and mental pain.

6.      As a proximate result of the fall, the Plaintiff incurred hospital and medical expenses, lost wages, and may incur such expenses and losses in the future, as well as the loss of a whole and useful life.

7.      The injuries and damages were the responsible cause of the carelessness and negligence of agents and/or employees of the Defendant, Dana Light Axle Products LLC in allowing the oil to accumulate on the floor and failing to remove the oil.

WHEREFORE, Plaintiff, Charisse Jackson, demands judgment against Defendant, Dana Light Axle Products LLC in an amount that will reasonably compensate her for the injuries and damages that she sustained, for the costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

David M. Lutz (14883-02)
David M. Lutz LLC
4203 West Jefferson Blvd.
Fort Wayne, IN 46804
Tele: (260) 432-3700
ATTORNEY FOR PLAINTIFF

STATE OF INDIANA     )     IN THE ALLEN SUPERIOR COURT
                     ) SS:
COUNTY OF ALLEN     )     CAUSE NO.: **02D02-2107-CT-000374**
                                                  ~~Allen Superior Court 2~~

|  |  |
|---|---|
| CHARISSE JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANA LIGHT AXLE PRODUCTS LLC, | ) |
| | ) |
|     Defendant. | ) |

To:     CT Corporation System
         Registered Agent for Dana Light Axle Products, LLC
         334 North Senate Avenue
         Indianapolis, IN 46204

You have been sued by the person(s) named petitioner(s)/plaintiff(s) in the above-entitled Court in Allen County, Indiana. The <u>claim</u> made against you is attached with this <u>Summons</u>.

The manner of delivering <u>notice</u> and the <u>time</u> within which to <u>answer</u> this claim are designated by an "x" below:

__X__     certified mail: you or your attorney must file a written answer to the claim within twenty-three (23) days, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____     personal service: you or your attorney must file a written answer to the claim within twenty (20) days, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

An answer is considered filed when it is received in the office of the Clerk of the Allen Circuit and Superior Courts, Allen County Courthouse, Fort Wayne, Indiana 46801. The method you choose to deliver the answer to the Clerk is up to you; however, you should be able to prove that you filed your answer. If you have a claim against the petitioner(s)/plaintiff(s) arising from the same transaction or occurrence, you must assert it in your written answer.

The date and time of any hearing requiring your attendance is shown on a Notice of Hearing attached as a separate document. <u>Examine all pages carefully</u>. Failure to appear may result in judgment against you as claimed. Unless documents indicate otherwise, all hearings will be held in the designated court at the Allen County Courthouse, Fort Wayne, Indiana.

Dated: __7/19/2021__                            *Christopher M. Narcarrow* NS
                                             Clerk of Allen Circuit and Superior Courts



David M. Lutz, #14883-02
David M. Lutz LLC
4203 W. Jefferson Blvd.
Fort Wayne, Indiana 46804

Filed: 7/19/2021 11:45 AM
Clerk
Allen County, Indiana
NS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. **02D02-2107-CT-000374** |
| | | **Allen Superior Court 2** |

CHARISSE JACKSON,                    )
                                                      )
                Plaintiff,                        )
                                                      )
v.                                                     )
                                                      )
DANA LIGHT AXLE                       )
PRODUCTS LLC,                          )
                                                      )
                Defendant.                     )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:  Initiating _X_ Responding ___ Intervening ___

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):    Charisse Jackson, Plaintiff.

2. Applicable attorney information for services as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

   David M. Lutz                                 Atty. No. 14883-02
   4203 W. Jefferson Blvd.                   Tel. (260) 432-3700
   Fort Wayne, IN 46804                     Fax. (260) 432-3707

3. There are other party members:  Yes___ No _X_

4. If first initiating party filing this case, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT.

5. I will accept service by FAX at the above number: No

6. This case involves support issues:  Yes ___ No _X_
   (if yes, supply social security numbers for all family members on continuation page.)

7. There are related cases:  Yes___  No _X_

8. This form has been served on all other parties. Certificate of Service is attached:  Yes _X_ No___

9. Additional information required by local rule: _____.

Dated: 7/19/21                              _____
                                                             David M. Lutz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing appearance was served upon all parties of record, via U.S. Mail, Certified, Return Receipt Requested, this ____day of July, 2021.

DANA LIGHT AXLE PRODUCTS LLC
CT CORPORATION SYSTEM
334 North Senate Avenue
Indianapolis, Indiana 46204

David M. Lutz

STATE OF INDIANA ) IN THE ALLEN SUPERIOR COURT
) SS:
COUNTY OF ALLEN ) CAUSE NO.: _____

CHARISSE JACKSON, )
)
Plaintiff, )
)
v. )
)
DANA LIGHT AXLE )
PRODUCTS LLC, )
)
Defendant. )

# REQUEST FOR JURY TRIAL

The plaintiff, Jarisse Jackson, by counsel, respectfully request that a jury try the above

cause of action.

_____
David M. Lutz (14883-02)
David M. Lutz LLC
4203 West Jefferson Blvd.
Fort Wayne, IN 46804
Tele: (260) 432-3700
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing appearance was
served upon all parties of record, via U.S. Mail, Certified, Return Receipt Requested, this 19th day
of July, 2021.

DANA LIGHT AXLE PRODUCTS LLC
CT CORPORATION SYSTEM
334 North Senate Avenue
Indianapolis, Indiana 46204

_____
David M. Lutz



STATE OF INDIANA )   ALLEN SUPERIOR COURT
       ) SS:
COUNTY OF ALLEN )   CAUSE NO. 02D02-2107-CT-374

CHARISSE JACKSON,   )
  Plaintiff,      )
          )
vs.         ) **ORDER SETTING CASE**
         ) **MANAGEMENT CONFERENCE**
DANA LIGHT AXLE PRODUCTS )
LLC,        )
  Defendant.    )

This cause has been assigned to <u>Judge Craig J. Bobay</u>.

***PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS ORDER SETTING CASE MANAGEMENT CONFERENCE ON DEFENDANT(S).***

The parties or their attorneys to this action are hereby directed to appear before Judge Bobay for a Case Management Conference on **September 23, 2021, at 9:30 a.m.** in Room 316 or via remote appearance (see below), to consider, among other matters:

1. Appointment of a mediator and the scheduling of mediation;
2. Venue and jurisdiction;
3. Factual and legal contentions of the parties;
4. Contested and stipulated facts and legal issues;
5. Simplification of issues;
6. The types of discovery, and discovery deadlines;
7. Expert witnesses;
8. Dispositive motions;
9. Scheduling additional pre-trial conferences and hearings; and
10. Jury requests/waiver.

The Court now Orders that absent a separate Order to the contrary, all pleadings, motions, and requests for relief shall be set for hearing at the

Case Management Conference.[1]

Each party who obtains counsel must be represented at the Case Management Conference by an attorney who shall have authority to agree upon a mediator, who has authority to stipulate issues and undisputed facts, and who has a firm grasp of the facts and matters at issue.

As a result of the Case Management Conference, the Court may limit the time to complete discovery or to file any pre-trial motions; set a date for any final pre-trial conference or other conference; establish a schedule for the filing of any proposed pre-trial order, stipulations, and/or lists of witnesses and exhibits.   The schedule established as a result of the Case Management Conference cannot be modified except by order of the Court.

<u>Alternative to Appearing in Person</u>:   <u>If an unrepresented party or counsel chooses to appear remotely instead of in person</u>, the Court now Orders:

1.     The Court will use the Zoom video conference platform.  A computer (or tablet or mobile device) with a webcam and a microphone is necessary to participate via Zoom.

2.     <u>At least three (3) business days</u> in advance of the proceeding, all counsel and all unrepresented persons in this case appearing remotely must email the Court at trish.gratz@allensuperiorcourt.us to provide the Court with the email address the Court may use to send an invitation for the Zoom remote proceeding.

3.     Rule 2.17 of the Indiana Code of Judicial Conduct prohibits the recording and broadcasting of Court proceedings.   The proceeding must not be recorded.  Violations of this rule and Order shall be punished by Contempt of Court.

July 21, 2021

_____ TG
**JUDGE CRAIG J. BOBAY**

---

[1] However, if the motion is otherwise subject to Ind. Trial Rule 53.1, absent waiver of the time limitation set out in the Rule, the Court shall rule upon the motion at the Case Management Conference.

STATE OF INDIANA          )          IN THE ALLEN SUPERIOR COURT
                          ) SS:
COUNTY OF ALLEN           )          CAUSE NO. 02D02-2107-CT-374


CHARISSE JACKSON,                )
                                 )
            Plaintiff,           )
                                 )
v.                               )
                                 )
DANA LIGHT AXLE PRODUCTS LLC,    )
                                 )
            Defendant.           )

## E-FILING APPEARANCE BY ATTORNEYS IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.  The party on whose behalf this form is being filed is:
    Initiating _____ Responding __**X**__ Intervening _____ ; and

    the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of party:  **Defendant, Dana Light Axle Products, LLC**

    Address / Telephone # of party:  **Defendant may be contacted through the undersigned counsel.**

2.  Attorney information for service as required by Trial Rule 5(B)(2):

    Name: Mitchell R. Berry          Atty Number:  36367-02
    Address: Barnes & Thornburg LLP, 888 South Harrison Street, Suite 600, Fort Wayne, Indiana 46802
    Phone: 260-425-4623
    FAX:  260-424-8316
    Email Address: mitchell.berry@btlaw.com

    Name: Kathleen M. Anderson          Atty Number:  16351-92
    Address: Barnes & Thornburg LLP, 888 South Harrison Street, Suite 600, Fort Wayne, Indiana 46802
    Phone: 260-425-4657
    FAX:  260-424-8316
    Email Address: kathleen.anderson@btlaw.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  This is a **CT** case type as defined in administrative Rule 8(B)(3).

4.  This case involves child support issues. Yes __  No  **X**

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes ____  No  **X**

6.  This case involves a petition for involuntary commitment.  Yes ____  No  **X**

7.  There are related cases: Yes ____  No  **X**

8.  Additional information required by local rule: _____

9.  There are other party members: Yes ____  No  **X**

10. This form has been served on all other parties and Certificate of Service is attached: Yes  **X**  No ___

Respectfully submitted,

*/s/ Mitchell Berry*
Mitchell R. Berry (36367-02)
Kathleen M. Anderson (16351-92)
BARNES & THORNBURG LLP
888 South Harrison Street, Suite 600
Fort Wayne, Indiana 46802
Telephone:  (260) 423-9440
Facsimile:  (260) 424-8316
Email: mitchell.berry@btlaw.com
          kathleen.anderson@btlaw.com

ATTORNEYS FOR DEFENDANT

2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 16th day of September, 2021, a true and correct copy of the foregoing E-filing Appearance by Attorneys in a Civil Case was served on the following counsel of record by the Indiana e-filing system:

> David M. Lutz
> 4203 W. Jefferson Blvd.
> Fort Wayne, IN 46804


> _/s/ Mitchell Berry_
> Mitchell R. Berry

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. 02D02-2107-CT-374 |

| | |
|---|---|
| CHARISSE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANA LIGHT AXLE PRODUCTS LLC, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant Dana Light Axle Products, LLC ("Dana"), by counsel, for its Answer to Plaintiff Charisse Jackson's ("Jackson") Complaint for Damages, states the following:

1. The plaintiff, Charisse Jackson, is a resident of Fort Wayne, Allen County, Indiana.

**ANSWER:** **Dana is without sufficient knowledge or information to respond to the allegations in this paragraph.**

2. The defendant, Dana Light Axle Products LLC, is a foreign limited liability company doing business in the state of Indiana with offices and a facility in Fort Wayne, Indiana.

**ANSWER:** **Dana admits the allegations in this paragraph.**

3. On August 12, 2019, Plaintiff, Charisse Jackson, was on the premises of the defendant, Dana Light Axle Products LLC, as a business invitee and injured her back due to slipping on oil that accumulated on the floor in an area designated as a walking area.

**ANSWER:** **Dana denies that it invited Jackson to be on its property on this date, and denies that the alleged fall by Jackson was caused by any fault of Dana. Dana is without**

**sufficient knowledge or information to respond to the remaining allegations in this paragraph.**

4.   The defendant negligently allowed oil to accumulate on the floor in an area specifically designated for pedestrian traffic.

      **ANSWER:   Dana denies the allegations in this paragraph.**

5.   As a proximate result of the fall, the Plaintiff sustained physical injuries which will be permanent and suffered and continues to suffer physical and mental pain.

      **ANSWER:   Dana denies the allegations in this paragraph.**

6.   As a proximate result of the fall, the Plaintiff incurred hospital and medical expenses, lost wages, and may incur such expenses and losses in the future, as well as the loss of a whole and useful life.

      **ANSWER:   Dana denies the allegations in this paragraph.**

7.   The injuries and damages were the responsible cause of the carelessness and negligence of agents and/or employees of the Defendant, Dana Light Axle Products LLC in allowing the oil to accumulate on the floor and failing to remove the oil.

      **ANSWER:   Dana denies the allegations in this paragraph.**

## JURY DEMAND

Dana objects to Jackson's jury demand to the extent that Jackson asks that a jury determine equitable remedies or otherwise decide issues not triable to a jury.  Dana reserves the right to have all equitable matters decided by the Court.

## GENERAL DENIAL

Dana denies any allegations in Jackson's Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Jackson's claims may be barred in whole or in part by the doctrine of waiver, laches, estoppel, unclean hands and/or the statute of limitations.

### SECOND DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Jackson has failed to mitigate her damages, if any.

### THIRD DEFENSE

The injury claimed by Jackson was not caused by any fault of Dana, but rather was caused by Jackson's own fault or negligence.

### FOURTH DEFENSE

Jackson's claims for damages are barred or limited by the U.S. Constitution, the Indiana Constitution, and/or all other applicable laws, including all applicable statutory caps.

### FIFTH DEFENSE

Jackson's Complaint fails to state a claim upon which relief may be granted.

**SIXTH DEFENSE**

Jackson's Complaint fails to join a party or parties needed for just adjudication of the herein action.

**SEVENTH DEFENSE**

Jackson's contributory fault, causing her alleged injuries, must diminish or prevent any recovery by Jackson for her claims brought in the herein action.

**EIGHTH DEFENSE**

Jackson's claims and recovery in this action are barred by the Indiana Worker's Compensation Act.

**NINTH DEFENSE**

Jackson's claims and recovery in this action are barred for lack of subject matter jurisdiction.

**TENTH DEFENSE**

Dana reserves the right to add additional defenses as further investigation and discovery reveal information relating to Jackson's claims and Dana's defenses.

**<u>RESERVATION OF RIGHTS</u>**

Dana expressly reserves the right to raise additional defenses as investigation, discovery and review of information continue.

WHEREFORE, Defendant Dana Light Axle Products, LLC respectfully requests that this Court dismiss all of Plaintiff Charisse Jackson's claims alleged in her Complaint with prejudice, and for all other just and proper relief in the premises.

Respectfully submitted,

BARNES & THORNBURG LLP


*/s/ Mitchell Berry*
Mitchell R. Berry (36367-02)
Kathleen M. Anderson (16351-92)
BARNES & THORNBURG LLP
888 South Harrison Street, Suite 600
Fort Wayne, Indiana 46802
Telephone:  (260) 423-9440
Facsimile:   (260) 424-8316
Email: mitchell.berry@btlaw.com
         kathleen.anderson@btlaw.com

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of September, 2021, a true and correct copy of the foregoing Answer to Plaintiff's Complaint for Damages was served on the following counsel of record by the Indiana E-Filing System:

David M. Lutz
4203 W. Jefferson Blvd.
Fort Wayne, IN 46804


*/s/ Mitchell Berry*

5

STATE OF INDIANA    )       IN THE ALLEN SUPERIOR COURT
                ) SS:
COUNTY OF ALLEN   )       CAUSE NO.  02D02-2107-CT-374

CHARISSE JACKSON,     )
                  )
        Plaintiff,    )
                  )
vs.                  )
                  )
DANA LIGHT AXLE       )
PRODUCTS LLC,        )
                  )
        Defendant.   )

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DANA LIGHT AXLE PRODUCTS, LLC SIXTH AND TENTH  AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS PARAGRAPH

Plaintiff, by her counsel, hereby submits her Motion to Strike Defendant's, Dana Light Axle Products LLC (hereinafter referred to as "Dana") Sixth and Tenth Affirmative Defenses and Dana's Reservation of Rights paragraph, and in support states:

1.    In its  Answer to Plaintiff's Complaint, Defendant asserts the following Sixth Affirmative Defense: "Jackson's Complaint fails to join a party or parties needed for just adjudication of the herein action."

2.    Defendant's Sixth Affirmative Defense is an attempt to assert a non-party defense.

3.    Indiana Code § 34-51-2-14 allows a defendant to assert a nonparty defense; "In an action based on fault, a defendant may assert as a defense that the

damages of the claimant were caused in full or in part by a <u>nonparty</u>. This defense is referred to in this chapter as a nonparty defense" (emphasis added).

4.      In <u>Cornell Harbison Excavating, Inc v. May</u>, 546 N.E.2d 1186 (Ind. 1989), the Indiana Supreme Court held that a defendant pleading a non-party defense under Indiana's Comparative Fault Act must specifically name the nonparty. In addition, the Court held that a motion to strike is the appropriate mechanism for challenging a non-party defense that fails to specifically name an alleged nonparty.

5.      In <u>Cornell</u>, the Plaintiffs sued an excavating company, alleging that it had been negligent in the storage of drainage and sewer pipe which the Plaintiffs' vehicle struck when it swerved into a ditch to avoid hitting a dog that had run into the roadway. In its Answer to the Plaintiffs' Complaint, the excavating company named "the unknown owner of the dog" as a non-party. The Plaintiffs filed a motion to strike the nonparty defense, asserting that in order to constitute a valid nonparty defense, the nonparty must be specifically named. The trial court granted the Plaintiffs' motion to strike and the Defendant appealed. Both the Indiana Court of Appeals and Supreme Court affirmed the trial court's ruling.

6.      The Court noted that the clear intent of the Legislature was to place the burden of pleading and proving the specific name of the nonparty on the defendant. Thus, by clear implication, the Legislature intended that a claimant's

recovery is not to be diminished by the percentage of fault of unidentified non-parties.

7.      Moreover, the Court noted that the plain meaning and clear language of the statute requires the disclosure of "the name of the nonparty", not merely a generic identification.  To hold otherwise would render meaningless the express statutory language.

8.      For the reasons set forth in paragraphs 1-7, above, the Defendant's attempt to assert a nonparty defense by generic identification is improper and thus Defendant's Sixth Affirmative Defense in its Answer to the Plaintiff's Complaint should be stricken.

9.      In its Answer to Plaintiff's Complaint, Defendant also asserts the following Tenth Affirmative Defense: "Dana reserves the right to add additional defenses as further investigation and discovery reveal information relating to Jackson's claims and Dana's defenses."

10.     Immediately after listing its Tenth Affirmative Defense, Dana sets forth its Reservation of Rights paragraph that is neither a denial or an affirmative defense and which reads: "Dana expressly reserves the right to raise additional defenses as investigation, discovery and review of information continue."

11.     Indiana Trial Rule 8(B) provides that an answer shall contain "defenses to each claim asserted and shall admit or controvert the averments set forth in the

preceding pleading." Trial Rule 8(C) further provides that an answer shall set forth and have the burden of proving any affirmative defenses. This is generally all that is permitted in a responsive pleading, except for the few enumerated matters under Trial Rule 9 which require greater particularity.

12.     Where language in an answer is material, it should not be stricken. Chambers v. Pennsylvania R. Co., 92 N.E. 559, 560 (Ind. Ct. App. 1950). The test for materiality is whether the language tends to constitute a claim or defense. Hardin v. Christy, 462 N.E.2d 256, 258 (Ind. Ct. App. 1984). But where language does not constitute a claim or defense, that language is considered immaterial. A motion to strike is a proper tool to carve out immaterial matters. Dreyer & Reinbold, Inc. v. AutoXchange.com., Inc., 771 N.E.2d 764, 768 (Ind. Ct. App. 2002).

13.     The questionable provisions here do not admit or deny an allegation, and do not constitute a claim or defense.  Trial Rule 15 controls the procedures for amended pleadings. Unlike the Rule 12 defenses, a party's access to these procedures cannot be waived. Because it is not necessary to invoke or otherwise preserve these rights, removal of the offending language will have no effect on the Defendant. Striking Dana's Tenth Affirmative Defense and Dana's boilerplate Reservation of Rights provision will not harm the Defendant's rights.

14.     Leaving the language in the pleading, however, is not only improper but also poses a very real danger to the Plaintiff's rights. If Plaintiff fails to object now,

there could be an argument later that she waived adherence to established amendment procedures. This is not a flight of imagination; Plaintiff's counsel is aware and has encountered such an argument before. In other cases it has also been argued that Plaintiffs had waived the right to raise issues relevant to a Rule 15 permissive amendment. See Gordon v. Purdue University, 862 N.E.2d 1244, 1253 (Ind. Ct. App. 2007) (holding that a trial court, in ruling on a motion to amend pleadings, may consider issues of "undue delay, bad faith or dilatory motive on the part of the movant," among others). In seeking to trim this language from the Defendant's Answer, Plaintiff merely wishes to avoid unnecessary surprises and stick to the already liberal rules for amended pleadings.

15.    Because the Tenth Affirmative Defense and the Reservation of Rights paragraph do not constitute either a claim or defense, they are immaterial and should be stricken.

WHEREFORE, Plaintiff, by her counsel, respectfully request that this Court enter an Order striking Defendant's Sixth Affirmative Defense and striking defendant's Tenth Affirmative Defense as well as the Reservation of Rights paragraph and for all other just and proper relief.

Respectfully submitted,

DAVID M LUTZ LLC

David M. Lutz, Sup.Ct.#14883-02
4203 W. Jefferson Blvd.
Fort Wayne, Indiana 46804
Telephone: (260) 423-3700
Facsimile: (260) 423-3707
ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I certify that on September 21, 2021, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).

I also certify that on September 21, 2021, the foregoing document was served upon the following person(s) via IEFS.

Mitchell R. Berry
Mitchell.berry@btlaw.com

Kathleen M. Anderson
Kathleen.anderson@btlaw.com

David M. Lutz



STATE OF INDIANA    )              ALLEN SUPERIOR COURT
                       ) SS:
COUNTY OF ALLEN   )             CAUSE NO. 02D02-2107-CT-374

CHARISSE A. JACKSON,    )
     Plaintiff,             )
                       )  **CASE MANAGEMENT ORDER**
vs.                    )
                       )
DANA LIGHT AXLE PRODUCTS )
LLC,                    )
     Defendant.           )

Plaintiff appears by attorney David Lutz. Defendant appears by attorney Mitchell Berry. A Case Management Conference is conducted on September 23, 2021. The Court now issues this Order.

1.    All motions challenging subject matter jurisdiction or personal jurisdiction must be filed by <u>November 5, 2021</u>. Plaintiff's Response to such motion must be filed by <u>December 3, 2021</u>. Any Reply must be filed by <u>December 17, 2021</u>.

2.    Defendant's Response to Plaintiff's Motion to Strike (filed September 21, 2021) must be filed by <u>November 5, 2021</u>. Any Reply must be filed by <u>December 17, 2021</u>.

3.    A hearing on the two above-mentioned motions is now set for **<u>January 12, 2022, at 10:00 a.m.</u>** in **Room 316**. If no jurisdictional motion is filed, this shall also be a Status Conference.

4.    A further Case Management Conference is set for **<u>March 14, 2022, at 10:00 a.m</u>** in Room 316 or remotely via Zoom. <u>Alternative to Appearing in Person</u>: If counsel chooses to appear remotely instead of in person, at least three (3) business days in advance of the proceeding, all counsel in this case appearing remotely must email the Court at trish.gratz@allensuperiorcourt.us to provide the Court

with the email address the Court may use to send an invitation for the Zoom remote proceeding.  Rule 2.17 of the Indiana Code of Judicial Conduct prohibits the recording and broadcasting of Court proceedings.  The proceeding must not be recorded.  Violations of this rule and Order shall be punished by Contempt of Court.

September 23, 2021

JUDGE CRAIG J. BOBAY